**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| JENNIFER CHOI, | § | |
| *Plaintiff* | § | |
| | § | |
| | § | |
| | § | |
| v. | § | CASE NUMBER:  1:24-cv-01093 |
| | § | |
| | § | |
| LVNV FUNDING, LLC, | § | |
| RESURGENT CAPITAL SERVICES, | § | |
| L.P., EXPERIAN INFORMATION | § | |
| SOLUTIONS, INC., & EQUIFAX | § | |
| INFORMATION SERVICES, LLC & | § | |
| TRANS UNION, LLC, | § | |
| *Defendants* | § | DEMAND FOR JURY TRIAL |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff, Jennifer Choi ("Plaintiff" or "Choi" herein), brings this action against LVNV Funding, LLC ("LVNV" herein), Resurgent Capital Services, L.P. ("Resurgent"), Experian Information Solutions, Inc. ("Experian" herein), Equifax Information Services, LLC ("Equifax" herein), and Trans Union, LLC ("Trans Union" herein), and will show as follows:

**PRELIMINARY STATEMENT**

1.   This is an action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), the Texas Debt Collection Act, Texas Finance Code Chapter 392 ("TDCA"), the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), and other applicable claims, to obtain damages, and other relief.

1

## **JURISDICTION AND VENUE**

2.   This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1337(a) and 15 U.S.C. § 1692 *et seq.*. Pursuant to 28 U.S.C. §1367, the Court has subject matter jurisdiction as to Plaintiff's state law claim(s).

3.   Venue is proper in the United States District Court for the Western District of Texas, Austin Division, under 28 U.S.C. § 1391(b)(2) and (b)(3) because all or a substantial part of the events/omissions relate to a consumer credit card lawsuit that was filed in Williamson County, Texas, and all the Defendants are subject to this Court's jurisdiction.

4.   Venue is also proper in the United States District Court for the Western District of Texas, Austin Division under 28 U.S. Code § 1391(d) to the extent that this Court has personal jurisdiction over one or more of the corporate Defendants.

5.   This court has personal jurisdiction (general and specific) over Defendants LVNV and Resurgent as they regularly engage in debt collection throughout the state of Texas and maintain a registered agent in the state of Texas.

6.   This court has personal jurisdiction over Defendant Equifax (general and specific) as it regularly engages in credit reporting throughout the state of Texas.

7.   This court has personal jurisdiction over Defendant Experian (general and specific) as it regularly engages in credit reporting throughout the state of Texas.

8.   This court has personal jurisdiction over Defendant Trans Union (general and specific) as it regularly engages in credit reporting throughout the state of Texas.

2

**STANDING**

9.  Plaintiff has suffered an injury in fact that is traceable to Defendants' collective conduct and that is likely to be redressed by a favorable decision in this matter.

10.  Plaintiff further suffered a concrete injury because of Defendants' violations contained herein, including, and not limited to inaccurate credit reporting that has caused Plaintiff damages.

11.  Plaintiff further suffered a concrete informational injury because of Defendants' failure to provide truthful information in connection with attempts to collect an alleged consumer debt from Plaintiff.

**THE PARTIES**

12.  Plaintiff, Jennifer Choi, is an individual who resides in Oklahoma.

13.  Defendant, LVNV Funding, LLC, is a foreign corporation that regularly conducts business. Service may be completed on the following registered agent:

> Corporation Service Company D/B/A CSC-Lawyers Incorporated
> 211 E. 7th Street, Suite #620
> Austin, Texas 78701

14.  Defendant, Resurgent Capital Services, L.P., is a foreign entity that regularly conducts business in Texas. Resurgent may be served with citation via its registered agent:

> Corporation System Company
> 211 East 7th Street, Suite 620
> Austin, Texas 78701

3

15.  Defendant, Experian Information Solutions, Inc., is a foreign entity that is authorized to do business in Texas and may be served by and through its registered agent:

> CT Corporation System
> 1999 Bryan Street, Suite 900
> Dallas, Texas 75201

16.  Defendant, Equifax Information Services, LLC, is a foreign entity that is authorized to do business in Texas and may be served by and through its registered agent:

> Corporation Service Company D/B/A CSC-Lawyers Incorporated
> 211 E. 7th Street, Suite #620
> Austin, Texas 78701

17.  Defendant, Trans Union, LLC, is a foreign entity that is authorized to do business in Texas and may be served by and through its registered agent:

> The Prentice-Hall Corporation System
> 211 E. 7th Street, Suite #620
> Austin, Texas 78701

4

## FACTUAL ALLEGATIONS

18.  This complaint seeks to address claims regarding an alleged consumer debt ("alleged debt" herein) for goods and/or services for personal, family or household purposes that arose from a consumer credit card debt.

19.  On or about October 5, 2022, LVNV initiated a lawsuit ("Lawsuit" herein) in Williamson County Justice of the Peace against Plaintiff Choi in connection to a purported credit card debt: LVNV Funding, LLC. v. Jennifer Choi, Cause Number 2DC-22-0728, Williamson County Justice of the Peace #2 (Exhibit A- abridged copy of the Lawsuit and a copy of the docket sheet). According to the Lawsuit, LVNV acquired a consumer credit card debt after default from Synchrony Bank.

20.  Plaintiff Choi, by and through the undersigned counsel, thereafter, filed an answer and engaged in discovery. Moreover, LVNV was always represented by counsel during the pendency of the Lawsuit.

21.  On or about September 13, 2023, Choi filed a Motion for Summary Disposition ("Motion" herein) pursuant to Texas Rules of Civil Procedure 503.2. On or about November 30, 2023, the Justice Court entered an order ("Order" herein) granting Choi's Motion, thereby adjudicating, and dismissing all the claims of LVNV against her (Exhibit B). Moreover, the docket sheet for the Lawsuit further confirms that LVNV neither filed a motion for new trial nor filed an appeal of the ruling (Exhibit A).

22.  Notwithstanding the Order confirming that Choi was not legally liable for the alleged debt, on or about May 2, 2024, LVNV and/or Resurgent transmitted to Experian that Plaintiff was liable for the alleged debt in the amount of $1358.00. Moreover, on or about September 4, 2024, LVNV and/or Resurgent transmitted to Experian that Choi was liable for the alleged debt in the amount of $1283.00.

23.  On or about May 2, 2024, LVNV and/or Resurgent transmitted to Trans Union that Plaintiff was liable for the alleged debt in the amount of $1358.00. On or about August 8, 2024, LVNV and/or Resurgent transmitted to Trans Union that Plaintiff was liable for the alleged debt in the amount of $1308.00.

24.  Finally, on May 2, 2024, LVNV and/or Resurgent transmitted to Equifax that Plaintiff was liable for the alleged debt in the amount of $1358.00. On or about September 4, 2024, LVNV and/or Resurgent transmitted to Equifax that Choi was liable for the alleged debt in the amount of $1283.00.

25.  Choi alleges that because the Order confirms she was not responsible for any portion of the alleged debt and the balance should have been zero, the foregoing transmissions by LVNV and/or Resurgent to the credit reporting agencies were materially false and misleading.

26.  On or about March 28, 2024, Choi sent a formal dispute under 15 U.S.C. 1681i to Trans Union with a copy of the Order and Lawsuit, whereby she informed Trans Union that she was not liable for the alleged debt.

27.  On or about March 28, 2024, Choi sent a formal dispute under 15 U.S.C. 1681i to Experian with a copy of the Order and Lawsuit, whereby she informed Experian that she was not liable for the alleged debt.

28.  On or about March 28, 2024, Choi sent a formal dispute under 15 U.S.C. 1681i to Equifax with a copy of the Order and Lawsuit, whereby she informed Experian that she was not liable for the alleged debt.

29.  On or about August 20, 2024, Experian responded and acknowledged the dispute letter, but continued to report a non-zero balance, notwithstanding the correct balance was zero.

30.  On or about September 3, 2024, Trans Union thereafter responded and acknowledged the dispute letter, but indicated there was no error on the credit report of Plaintiff and failed to correct the balance of the alleged debt to zero.

31.  On or about April 7, 2024, Equifax responded and acknowledged the dispute letter, but claimed it could not locate the subject account, notwithstanding the fact Choi included her name, full social security number, address, and a copy of the pertinent portion of the Equifax report.

32.  Plaintiff is a "consumer" as that term is defined by § 1692a (3) of the FDCPA and a "consumer" as that term is defined by § 392.001(1) of the TDCA.

33.  Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c).

34.  Experian is a "consumer reporting agency," as defined by the FCRA, 15 U.S.C. § 1681(f)

35.  Trans Union is a "consumer reporting agency," as defined by the FCRA, 15 U.S.C. § 1681(f).

36.  Equifax is a "consumer reporting agency," as defined by the FCRA, 15 U.S.C. § 1681(f).

7

37. The alleged debt is a "debt" as that term is defined by § 1692a (5) of the FDCPA and a "consumer debt" as that term is defined by § 392.001(2) of the TDCA.

38. LVNV is a "debt collector" as that term is defined by 15 U.S.C. § 1692a (6) of the FDCPA.

39. Resurgent is a "debt collector" as that term is defined by 15 U.S.C. § 1692a (6) of the FDCPA.

40. LVNV and Resurgent regularly collect or attempt to collect, directly or indirectly, defaulted consumer debts owed or due or asserted to be owed or due LVNV.

41. Resurgent and LVNV regularly use instrumentalities of interstate commerce of the mails while engaging in a business the principal purpose of which is the collection of defaulted consumer debts.

42. LVNV is a "third-party debt collector" as defined by § 392.001(7) of the TDCA and a "debt collector" as defined in § 392.001(6) of the TDCA.

43. Resurgent is a "third-party debt collector" as defined by § 392.001(7) of the TDCA and a "debt collector" as defined in § 392.001(6) of the TDCA.

44. The transmission of credit reporting information by LVNV and/or Resurgent to Equifax, Trans Union, and Experian was a "communication" as that term is defined in 15 U.S.C. § 1692a (2).

45. The transmission of credit reporting information by LVNV and/or Resurgent to Trans Union, Experian and Equifax was a form of "debt collection" as that term is defined by § 392.001(5) of the TDCA.

46. The FCRA requires credit reporting agencies to follow reasonable procedures to ensure the maximum accuracy of consumer reports. 15 U.S.C. § 1681e(b).

8

47. Plaintiff alleges that LVNV and/or Resurgent knew or should have known that the alleged debt before transmitting false information to Trans Union and Experian and Equifax.

48. Plaintiff alleges that LVNV and/or Resurgent, as the furnisher of the adverse credit information, received actual notice of her dispute because of the reinvestigation by Trans Union and/or Experian and Equifax (15 U.S.C. 1681i). However, LVNV failed to take corrective action.

49. Choi has information and belief that Resurgent is a servicer and agent of LVNV with apparent and actual authority to act on behalf of LVNV.

## <u>COUNT I--VIOLATION OF THE TEXAS DEBT COLLECTION ACT</u>
## <u>AS TO LVNV AND RESURGENT</u>

50.  Plaintiff incorporates all facts as alleged in the foregoing paragraphs.

51.  Chapter 392, Section 304 of the Texas Finance Code provides as follows:

**FRAUDULENT, DECEPTIVE, OR MISLEADING REPRESENTATIONS**

**(a)  Except as otherwise provided by this section, in debt collection or in obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices:**

**(8) misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding;**

**(19) using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer.**

52.  Choi alleges LVNV and Resurgent violated the foregoing provisions of Chapter 392, Section 304 of the Texas Finance Code by the transmission of materially false credit information to Trans Union, Experian, and Equifax regarding the balance of the alleged debt.

53.  Choi alleges she has incurred actual damages, including but not limited to damage to her credit, emotional distress, and denial of credit applications, because of the foregoing violations.

## COUNT II--VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT AS TO LVNV AND RESURGENT

54. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

55. **15 U.S.C. § 1692(e)(2)(A), (8) and (10) of the FDCPA provide as follows:**

**FALSE OR MISLEADING REPRESENTATIONS**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(2) The false representation of—**
**(A) the character, amount, or legal status of any debt;**

**(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed;**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

56. LVNV and Resurgent violated sections (2)(A) and (10) of 15 U.S.C. § 1692e by falsely transmitting information to Trans Union, Experian, and Equifax that Plaintiff was liable for the alleged debt.

57. LVNV and Resurgent further violated section (e)(8) of 15 U.S.C. § 1692e by transmitting incorrect information related to the amount of the alleged debt to Trans Union, Experian, and Equifax (the balance should have been zero).

58. Choi alleges she has incurred actual damages, including damage to her credit, including but not limited to damage to her credit, emotional distress, and denial of credit applications, because of the foregoing violations.

11

## COUNT III--VIOLATION OF 15 U.S.C. § 1681i
## AS TO EXPERIAN

59.  Choi re-alleges the above paragraphs as if set forth fully in this count.

60.  On or about March 28, 2024, Choi sent to Experian a written dispute, whereby she informed Experian about the negative credit entry on her credit and the fact that the Court Order confirmed she was not responsible for the alleged debt.

61.  After Experian received the dispute, it violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file; by failing to conduct a proper reinvestigation; and by a failure to maintain reasonable procedures to review and verify disputed information in Plaintiff's credit file.

62.  Because of Experian's violation, Plaintiff suffered actual damage, including but not limited to damage to her credit, emotional distress, and denial of credit applications, because of the foregoing violations.

63.  Experian's conduct was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

64.  In the alternative, Experian's conduct was negligent, thereby entitling Plaintiff to the recovery of damages under 15 U.S.C. § 1681o.

65.  Plaintiff seeks the recovery of costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

12

## COUNT IV--VIOLATION OF 15 U.S.C. § 1681e(b)
## AS TO EXPERIAN

66. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

67. Plaintiff alleges that Experian violated 15 U.S.C. § 1681e(b) because of the failure to establish and/or to follow reasonable procedures to ensure the maximum possible accuracy for the information concerning Plaintiff's credit files and consumer reports. At the very least, because Experian was aware of the Order adjudicating the alleged debt and confirming there should have been a zero balance. Moreover, the Order was/is of public record.

68. Because of Experian's violation, Plaintiff suffered actual damages, including but not limited to damage to her credit, emotional distress, and denial of credit applications, because of the foregoing violations.

69. Plaintiff alleges that Experian's conduct was willful, and therefore Experian is liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

70. In the alternative, Plaintiff alleges that Experian's conduct was negligent, thereby entitling Plaintiff to the recovery of damages under 15 U.S.C. § 1681o.

71. Plaintiff further seeks the recovery of costs and attorney's fees from Experian pursuant to 15 U.S.C. § 1681n and/or § 1681o.

13

## COUNT V--VIOLATION OF 15 U.S.C. § 1681i
## AS TO TRANS UNION

72. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

73. On or about March 28, 2024, Plaintiff sent to Trans Union a written dispute, whereby she informed Trans Union about the negative credit entry on Plaintiff's credit and the fact that Plaintiff was not responsible for the allege debt as per the Order.

74. After Trans Union received the dispute, it violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file; by failing to conduct a proper reinvestigation; and by a failure to maintain reasonable procedures to review and verify disputed information in Plaintiff's credit file.

75. Because of Trans Union's violation, Plaintiff suffered damages, including but not limited to damage to her credit, emotional distress, and denial of credit applications, because of the foregoing violations.

76. Trans Union's conduct was willful, thereby making it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

77. In the alternative, Trans Union's conduct was negligent, and Plaintiff is thereby entitled to the recovery of damages under 15 U.S.C. § 1681o.

**COUNT VI--VIOLATION OF 15 U.S.C. § 1681e(b)**
**AS TO TRANS UNION**

78.  Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

79.  Plaintiff alleges that Trans Union violated 15 U.S.C. § 1681e(b) because of the failure to establish and/or to follow reasonable procedures to ensure the maximum possible accuracy for the information concerning Plaintiff's credit files and consumer reports. At the very least, procedures regarding evaluation of court orders that are public record would have confirmed a zero balance.

80.  Because of Trans Union's violation, Plaintiff suffered actual damages, including but not limited to damage to her credit, emotional distress, and denial of credit applications, because of the foregoing violations.

81.  Plaintiff alleges that Trans Union's conduct was willful, and therefore it is liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

82.  In the alternative, Plaintiff alleges that Trans Union's conduct was negligent, thereby entitling Plaintiff to damages under 15 U.S.C. § 1681o.

83.  Plaintiff further seeks the recovery of costs and attorney's fees from Trans Union pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT VII-VIOLATION OF 15 U.S.C. § 1681i
### AS TO EQUIFAX

84.  Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

85.  On or about March 28, 2024, Plaintiff sent to Equifax a written dispute, whereby she informed Equifax about the negative credit entry on Plaintiff's credit and the fact that Plaintiff was not responsible for the alleged debt. Plaintiff further included her social security number, address and the specific tradeline excerpt on the dispute letter.

86.  After Equifax received the dispute, it violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file; by failing to conduct a proper reinvestigation; and by a failure to maintain reasonable procedures to review and verify disputed information in Plaintiff's credit file.

87.  Because of Equifax's violation, Plaintiff suffered damages, including but not limited to damage to her credit, emotional distress, and denial of credit applications, because of the foregoing violations.

88.  Equifax's conduct was willful, thereby making it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

89.  In the alternative, Equifax's conduct was negligent, and Plaintiff is thereby entitled to the recovery of damages under 15 U.S.C. § 1681o.

16

## COUNT VIII--VIOLATION OF 15 U.S.C. § 1681e(b)
## AS TO EQUIFAX

90.  Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

91.  Plaintiff alleges that Equifax violated 15 U.S.C. § 1681e(b) because of the failure to establish and/or to follow reasonable procedures to ensure the maximum possible accuracy for the information concerning Plaintiff's credit files and consumer reports. At the very least, the public record Order confirmed a zero balance.

92.  Because of Equifax's violation, Plaintiff suffered actual damages, including but not limited to damage to her credit, emotional distress, and denial of credit applications, because of the foregoing violations.

93.  Plaintiff alleges that Equifax's conduct was willful, and therefore it is liable for statutory, actual, and/or punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

94.  In the alternative, Plaintiff alleges that Equifax's conduct was negligent, thereby entitling Plaintiff to actual damages under 15 U.S.C. § 1681o.

95.  Plaintiff further seeks the recovery of costs and attorney's fees from Equifax pursuant to 15 U.S.C. § 1681n and/or § 1681o.

17

## COUNT IX-VIOLATION OF 15 U.S.C. § 1681s-2(b)
## AS TO LVNV AND RESURGENT

96.  Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

97.  At all times relevant, Plaintiff is and was a "consumer" as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a(c).

98.  Plaintiff alleges LVNV and Resurgent are both a "furnisher" under 15 U.S.C. §1681s-2(b) of the FCRA because it transmits consumer credit information to credit reporting agencies: failing to correct the balance to zero as per the Order.

99.  Plaintiff alleges LVNV and Resurgent violated 15 U.S.C. § 1681s-2(b) because of a failure to properly investigate Plaintiff's dispute and a failure to review all pertinent information regarding the subject account and a failing to properly investigate the dispute by Plaintiff of the alleged debt and credit reporting.

100.  Plaintiff alleges that the failure of LVNV and Resurgent to properly investigate the subject account caused Plaintiff to suffer actual damages, including but not limited to damage to her credit, emotional distress, higher interest rates and denial of credit applications, because of the foregoing violations.

101.  Plaintiff alleges that the conduct of LVNV and Resurgent was willful, and therefore it is liable for statutory, actual, and/or punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

102.  In the alternative, Plaintiff alleges that LVNV and Resurgent's conduct was negligent, thereby entitling Plaintiff to actual damages under 15 U.S.C. § 1681o.

103.  Plaintiff further seeks the recovery of costs and attorney's fees from LVNV and Resurgent pursuant to 15 U.S.C. § 1681n and/or § 1681o.

18

## JOINT ENTERPRISE

104. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

105. Plaintiff alleges that LVNV and Resurgent are collectively liable under the TDCA for the actions of one other under a theory of joint enterprise as (1) an agreement, express or implied, among the members of the group; (2) a common purpose to be carried outby the group; (3) a community of pecuniary interest in that purpose, among the members; and (4) an equal right to a voice in the direction of the enterprise, which gives an equal right of control. See Shoemaker v. Estate of Whistler, 513 S.W.2d 10, 18 (Tex.1974).

## VICARIOUS LIABILITY

106. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

107. Plaintiff alleges that LVNV and Resurgent are each liable for each other's actions by virtue of vicarious liability and/or agency.

## TEMPORARY INJUNCTION AND PERMANENT INJUNCTION

108. Plaintiff requests the Court issue a Temporary Injunction and Permanent Injunction under the TDCA and FDCPA that orders LVNV and Resurgent to correct the improper reporting of the alleged debt on all the credit bureaus of Plaintiff.

## REQUEST FOR ATTORNEY'S FEES

109.  Plaintiff seeks reasonable attorneys' fees as per the FDCPA, FCRA, TDCA and any other statutory or common law basis from all Defendants to the extent applicable.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Jennifer Choi, respectfully prays that Defendants, LVNV Funding, LLC, Resurgent Capital Services, L.P., Experian Information Solutions, Inc., Equifax Information Services, LLC, and Trans Union, LLC, be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, as follows:

a.   Temporary injunction be issued, and upon final hearing a Permanent Injunction be issued, requiring Defendant LVNV and Resurgent to correct the improper reporting of the alleged debt on all the credit bureaus of Plaintiff;

b.   The Court award Plaintiff actual and statutory damages pursuant to Texas Finance Code § 392.403(a)(2) and § 392.403(e) and any other applicable provision;

c.   The Court award Plaintiff costs and attorneys' fees pursuant to Texas Finance Code § 392.403(b);

d.   The Court award Plaintiff actual and statutory damages pursuant to 15 U.S.C. § 1692(k)(a)(1) and (a)(2) and any other applicable provision;

e.   The Court award Plaintiff costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692(k)(a)(3) and any other applicable statute or legal basis;

f.   An award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1) or 1681o(a)(1);

20

g.  An award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1) and § 1681o(a)(1);

h.  An award of punitive damages, as authorized by the Court pursuant to 15 U.S.C. § 1681n(a)(2), (d) § 1681o(a)(2);

i.  An award of attorneys' fees pursuant to 15 U.S.C. § 1681;

j.  The Court award Plaintiff prejudgment and post judgment interest as allowed by law;

k.  The Court grant Plaintiff such further relief to which Plaintiff may be justly entitled.


Respectfully submitted,

/s/Brent A. Devere
Brent A. Devere
SBN#00789256
1411 West Avenue, Suite #200
Austin, Texas 78701
Ph: 512-457-8080 Fax: 512-457-8060
Email: BDevere@1411west.com
Attorney for Plaintiff

*Jennifer Choi*

21